IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LARUE A. MONFORD,

    Petitioner,

  v.

TIMOTHY SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-3491
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-

year statute of limitations provided for under 28 U.S.C. § 2244(d). It is therefore

**RECOMMENDED** that this action be dismissed.

## I. FACTS & PROCEDURAL HISTORY

Petitioner challenges his December 17, 2008 convictions after a jury trial in the Franklin County Court of Common Pleas on murder, attempted murder, felonious assault, and carrying a concealed firearm, with specifications. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On February 15, 2008, appellant was indicted by the Franklin County Grand Jury for murder, attempted murder, felonious assault, carrying a concealed weapon, and three firearm specifications.
>
> {¶ 3} The relevant underlying facts of this case were fully set forth in detail in appellant's direct appeal in *State v. Monford*, 10th Dist. No. 09AP–274, 2010–Ohio–4732, ¶ 2–33. For purposes of this appeal, the following are the pertinent facts and procedural history. Appellant's convictions arise from an incident that occurred on the afternoon of February 7, 2008, at a bar known as D # 1 Happy Family, located on St. Clair Avenue in Columbus. On that date, Alicia Brown went to D # 1 Happy Family to meet Eugene Brown, a local disc jockey, to pick up concert tickets. Upon her arrival, Alicia saw appellant. Although the two had never previously met, they exchanged brief pleasantries. A short while later, Eugene arrived at the bar and he and Alicia sat next to one another and had a few drinks. Alicia testified that appellant shot Eugene from behind, and also shot her in the left hip and the right buttocks when she was running away. She made a positive identification of appellant in court as the shooter.
>
> {¶ 4} In all, there were five witnesses who testified that appellant was the shooter. Two of those witnesses were familiar with appellant and had seen him on prior occasions. Three of the witnesses viewed photo arrays and identified appellant as the shooter. An additional witness, Frank McKnight, testified that he had been acquainted with appellant for approximately 16 years and saw appellant driving away from the crime scene. A vehicle matching the description given by witnesses as the vehicle used by the suspect to drive away from the scene was located at the address listed on appellant's driver's license.
>
> {¶ 5} In his opening statement, appellant's counsel referenced an alibi defense, claiming appellant was not at the bar at the time of the shooting. However, appellant did not provide any evidence of an alibi. Appellant presented the testimony of Solomon M. Fulero, Ph.D., J.D., an expert witness to challenge the reliability of the appellee's identification evidence. "[T]hroughout the entire trial

proceedings, [appellant's] theory of the case was clearly one of misidentification. His entire defense was * * * that he was simply not the shooter and that the witnesses had gotten it wrong." *Monford* at ¶ 74.

{¶ 6} The jury believed the eyewitnesses. On December 17, 2008, the jury found appellant guilty of murder in the shooting death of Eugene Brown, attempted murder and felonious assault in the shooting of Alicia Brown, carrying a concealed weapon, and the three-year firearm specifications. The trial court imposed an aggregate sentence of 28 years to life in prison.

{¶ 7} Appellant filed a timely direct appeal, asserting eight assignments of error. We found that the evidence was sufficient to support appellant's convictions for murder, attempted murder, felonious assault, and carrying a concealed weapon. Accordingly, we overruled all of appellant's assignments of error and affirmed the trial court. *Monford* at ¶ 131.

{¶ 8} In the years after his trial, appellant filed several motions, petitions, and other requests with the trial court—all to no avail. On September 9, 2016, almost eight years after appellant's convictions, he filed a "Motion for Leave to File Motion for New Trial on Account of Newly Discovered Evidence and/or Due to Withholding of Exculpatory Evidence" ("motion for leave"). Appellee responded to the motion for leave, arguing that appellant failed to show that he was "unavoidably prevented" from discovering any of the evidence attached to the petition. On November 23, 2016, the trial court denied appellant's motion for leave.

II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant appeals assigning the following errors for our review:

[I.] The states [sic] suppression of forensic material evidence and repeatedly asserting materially false testimony constitutes structural error.

[II.] Defense counsel's failure to request and or investigate discovery, fully, constitutes denial of due process and structural error. This fundamental deficiency of counsel caused and evidenced prejudice, adversely affecting framework within which trial proceeded and constitutional issues herein.

*State v. Monford,* 10th Dist. No. 16AP-866, 2018 WL 1611400, at *1-2 (Ohio Ct. App. Apr. 3, 2018). On April 3, 2018, the appellate court affirmed the judgment of the trial court denying the motion for leave to file a delayed motion for a new trial. *Id.* On August 1, 2018, the Ohio

3

Supreme Court declined to accept jurisdiction of the appeal. *State v. Monford*, 153 Ohio St.3d 1453 (Ohio 2018).

On August 1, 2019, Petitioner signed and filed this *pro se* habeas corpus petition. He asserts that he was denied the effective assistance of trial counsel (claim one); that he was denied the effective assistance of appellate counsel (claim two); that the evidence is constitutionally insufficient to sustain his convictions (claim three); and that he was denied a fair trial based on prosecutorial misconduct (claim four). Plainly, however, the one-year statute of limitations bars review of this action.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

### III. APPLICATION

Under the provision of § 2244(d)(1)(A), Petitioner's judgment became final in March 2012, ninety days after the Ohio Supreme Court's December 11, 2011 dismissal of Petitioner's direct appeal, *State v. Monford*, 131 Ohio St.3d 40 (Ohio 2011), when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (citing *Clay v. United States*, 537 U.S. 522 (2003)); *see also Smith v. Ohio, Dep't of Rehab. & Corr.*, 331 F.Supp.2d 605, 613 (N.D. Ohio Aug. 26, 2004) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)). The statute of limitations expired one year later, in March 2013. Petitioner waited more than six years, until August 2019, to execute this habeas corpus petition.

Petitioner indicates that on December 31, 2009, he filed a motion to vacate in the state trial court; however, the trial court denied it as untimely. (*Petition*, ECF No. 1, PAGEID # 7.) On September 2, 2010, he filed another motion to vacate. The trial court also denied this motion. (*Id.*) On December 27, 2010, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). On November 13, 2012, the appellate court denied the Rule 26(B) application. (PAGEID # 9.) These actions could not provide sufficient tolling of the statute of limitations to assist Petitioner here. Further, a post-conviction petition rejected as untimely by the state courts will not toll the running of the statute of limitations under § 2244(d)(2). *Burns v.*

*Warden*, No. 2:18-cv-00055, 2018 WL 684647, at *2 (S.D. Ohio Feb. 1, 2018) (quoting *Henderson v. Bunting*, 698 F. App'x 244, 246-47 (6th Cir. 2017) (citing *Allen v. Siebert*, 552 U.S. 3, 7 (2007)). Petitioner's September 9, 2016 delayed motion for a new trial likewise does not affect the running of the statute of limitations in this case. The state trial court denied the motion as untimely, and Petitioner filed it long after the statute of limitations had already expired. Further, the tolling provision of § 2244(d)(2) does not "'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Addtionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations, particularly for the time period at issue here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing.) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## IV. DISPOSITION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE